IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NHAN VAN NGUYEN                                                                                           PETITIONER

V.                                              No.  13-2035

RAY HOBBS, Director
Arkansas Department of Corrections                                                            RESPONDENT

ORDER

Before the undersigned is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed February 4, 2013 under 28 U.S.C. §2254.  The Plaintiff filed a Motion for Appointment of Counsel (ECF No. 8) on February 25, 2013 and the State filed a Motion to Dismiss  (ECF No. 9) on February 26, 2013 contending that the Petition is untimely and that it does not state a claim that is cognizable.

I.  Background

The Petitioner became the focus of a Federal Drug Task Force investigation on October 19, 2010 as per the Affidavit completed by Kerry Keeter, Special Agent for the DEA. (2:10-cr-20057, ECF No. 1). The Sebastian County Detention Center (SCDC) records show that the Petitioner was booked into the SCDC on October 19, 2010.  The remarks section states that "NO bond at time of booking on PCS w/Int charge. lb ***PER DTF/DO NOT RELEASE ANY INFO ON THIS SUBJ**". The Agency contains the codes of "2" and "3" and the court is unsure of what these designations mean or which agency they refer to. The jail records further show that the Petitioner was release to the United States Marshal's on October 22, 2010.  He was released

to the custody of the U.S. Marshal pursuant to a Petition and Order for Writ of Habeas Corpus Ad Prosequendum (2:10-cr-20057; ECF No. 2) on October 22, 2010.

The Petitioner ultimately was Indicted in Federal Court on November 4, 2010 and charged with Conspiracy to Distribute Methamphetamine (Count I) and Possession with Intent to Deliver Methamphetamine (Count II). (2:10-cr-20057, ECF No. 42). The Petitioner executed a Plea of Agreement on April 25, 2011 which provided that he agreed to plea guilty to the Conspiracy charge and the government would move to dismiss the Possession with Intent charge and the Forfeiture Allegation. (Id., ECF No. 158, ¶1).

At the time of sentencing the District Court specifically asked the Assistant U.S. Attorney if there were any "state charges pending that we are aware of" to which the AUSA responded "No, your Honor". (Id., ECF No. 226, p. 3). The court then sentenced the Petitioner to 125 months in the United States Bureau of Prisons on November 3, 2011.

The Petitioner appears to have remained in the custody of the U. S. Marshal until November 15, 2011, when the Petition was booked back into the SCDC. The Remarks section at the time of booking states "ADC committed ** no bond**/US Marshals**no bond**/". The booking information indicates that the Petitioner was booked on an A.D.C. Commitment Hold, a Hold for U.S. Marshal, Delivery of Methamphetamine, and Petition to Revoke.

A check of the Sebastian County Circuit Clerk docket information for CR 10-01225 A F shows that an Arrest Warrant was issued for the Petitioner on November 22, 2010 but he was not arrested on the warrant until November 16, 2011 and on that day an Information was filed. The Petitioner entered a plea of guilty to Delivery of Methamphetamine on December 21, 2011 and Judgment was entered on January 3, 2012 sentencing the Petitioner to 10 years in the Arkansas

Department of Corrections and 10 years suspended.  Both the Terms and Conditions (ECF No. 1-1, p. 1) and the Judgment (ECF No. 1-1, p. 3) contain a provision that his state court sentence would be "Concurrent w/Federal Prison Sentence" .

The Petitioner filed the current Petition for Writ of Habeas Corpus on February 4, 2013 and construing the Petitioner's claim broadly it is one that is asserting that the State of Arkansas did not live up to its promise to run his state court sentence concurrently with his federal sentence.

## II.  Discussion

Split prosecution between the state and the federal government can create problems concerning who has "primary custody" as this court has pointed out when presented with a similar case last year in Chappell v. Hobbs.  (See 5:11-CV-05141-JLH).

Under 18 U.S.C. §3568 a federal sentence does not commence until a defendant is received in federal custody *Greathouse v.* U.S. 548 F.2d 225, 227 (C.A.Mo. 1977).  18 U.S.C. § 3568 provides, in part: The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.

When two separate sovereigns exercise jurisdiction over the same person during the same time period, "primary jurisdiction  ... is generally determined by which one first obtains custody of, or arrests, the person." *See U.S. v. Hayes*  535 F.3d 907, 908 (C.A.8 (Mo.),2008) citing *United States v. Cole*, 416 F.3d 894, 897 (8th Cir.2005) ("As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person."); *United States v. Dowdle*, 217 F.3d 610, 611 (8th Cir.2000) (per curiam)

(when the state firsts arrests a defendant it retains primary jurisdiction).

The controlling factor is "actual physical custody" of the accused. *United States v. Cole*, *Id.* Primary jurisdiction continues until the first sovereign "relinquishes its priority in some way," through release on bail, dismissal of charges, parole, or expiration of sentence. Id. If, while under the primary jurisdiction of one sovereign, the accused is transferred to the other's jurisdiction to face a charge, "primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." Id. at 896-97.

The court cannot determine who had primary custody from the preliminary investigation by the court. The Petitioner was placed in the SCDC on October 19, 2010 but it is unclear who, or what agency, was exercising jurisdiction.

The Defendant has not substantively responded but contended that the Petition should be dismissed because it is outside the one year statute of limitations.  This argument would preclude the court from any consideration of Equitable Tolling. A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001).

This court has previously held that the time period may be equitably tolled where a Petitioner has been led to believe that his state court sentence is running concurrent with his federal sentence when, in fact, the sentence was not and could not run concurrent with the federal sentence. (*See Chappell v. Hobbs*, Id.).

The court finds that the Defendant's Motion to Dismiss is premature.  The court further finds that the issues in the Petitioners case are complex and beyond the ability of the Petitioner to

present without legal assistance.

### III.  Conclusion

The Defendant's Motion to Dismiss (ECF No. 9) is **DENIED** and the Plaintiff's Motion for Counsel is G**RANTED** and an attorney will be appointed by separate order.  The attorney shall have 30 days from appointment to file an Amended Petition and the Defendant shall have 30 days to respond.

IT IS SO ORDERED this March 7, 2013

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE