IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NHAN VAN NGUYEN                                                                                          PETITIONER

V.                                              No.  2:13-CV-2035

RAY HOBBS, Director,
Arkansas Department of Correction                                                                RESPONDENT


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed February 4, 2013 under 28 U.S.C. §2254. The Plaintiff filed a Motion for Appointment of Counsel (ECF No. 8) on February 25, 2013 and the State filed a Motion to Dismiss (ECF No. 9) on February 26, 2013 contending that the Petition is untimely and that it does not state a claim that is cognizable.  The court entered an Order denying the Motion to Dismiss and appointing counsel for the Petitioner on March 8, 2013. (ECF No. 12).  Mr. Newman for the Defendant filed objections to the court's Order on March 20, 2013 (ECF No. 14)  and at the court's request  this Report and Recommendation is presented.

**I.  Background**

The Petitioner filed his Petition for Writ of Habeas Corpus (ECF No. 1) on February 4, 2013.  The court has previously set fourth the background of this case in its order dated March 8, 2013 (ECF No. 12) and will not restate those facts.  The Petitioner claim in his Habeas petition is stated as follows:

"I got my Federal time in Nov. 3rd 2011, I got my State time Dec. 2011, I'm currently

doing State of Ark time in A.D.C. / The Federal Authority have a detainer on me. I need to make sure my federal time is running now while I'm doing my state time, this was part of my plea agreement, I'm enclosing the documents to prove this." (Id., p. 6).

The document the Petitioner enclosed was the plea agreement and judgment from the State court proceeding. (ECF No. 1-1). In that agreement the Petitioner pleaded guilty to Delivery of Methamphetamine and received 10 years in the Arkansas Department of Corrections with an additional 10 year suspended imposition of sentence. The Plea Agreement has a hand-written note that the plea would be "concurrent w/federal pen. sentence" and the Judgment has the same provision. (Id., p, 2).

The court has interpreted the Petition to be one that is contesting the voluntariness of the plea and the Defendant contends the court is in error by interpreting the Petition so broadly.

## II.  Discussion

Pro se filings are to be construed liberally, *Mellott v. Purkett*, 63 F.3d 781, 784 n. 4 (8th Cir.1995). *See White v. Wyrick*, 530 F.2d 818, 819 (8th Cir.1976) (per curiam) (finding pro se petition should be "interpreted liberally and ... should be construed to encompass any allegation stating federal relief"). Inartfully raised factual issues may still implicate legal propositions that a Petitioner could not reasonably be held responsible for articulating. See *Bracken v. Dormire* 247 F.3d 699, 702 (C.A.8 (Mo.),2001) citing *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir.1976).

The court finds that the Voluntariness of the Petitioner's plea is called into question by the Petitioner. To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent, and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g.,*

*United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999).  A plea of guilty induced by promises or made without full understanding of the consequences will not sustain a conviction. *See Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473, 477 (1962); *Kercheval v. United States*, 274 U.S. 220, 223-224, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012 (1927. The promise of running life sentences concurrent has been held to render the plea involuntary *(See Coney v. Wyrick*, 532 F. 2d 94 (C.A.Mo. 1976).

The Petitioner has not specifically articulated that his plea in state court was not voluntary.  What he has said is that his state court sentence was to be running with his federal sentence. For the reasons set forth in the court's prior order the state court's sentence is NOT running concurrent with the Petitioner's federal sentence.  The State argues that the court improperly interprets the Petitioner's claim to be on that his plea was not voluntary and cites *Bracken v. Dormier.*  In Bracken The State argued that Bracken's petition presented a substantive claim that as a matter of law his confession was coerced and involuntary-a different claim from the Jackson claim upon which the District Court granted conditional habeas relief.  The Eighth Circuit agreed and reversed holding that:

> This is not a case where the petitioner inartfully raised factual issues that implicated legal propositions that he could not reasonably be held responsible for articulating. See White v. Wyrick, 530 F.2d 818, 819 (8th Cir.1976) (per curiam) (finding pro se petition should be "interpreted liberally and ... should be construed to encompass any allegation stating federal relief"). Not only is the applicable law not set forth in Bracken's petition to the District Court, **but more importantly, none of the facts supporting the Jackson claim is set forth**. This is noteworthy because the record shows that not only was Bracken aware of the Jackson argument at the time that he filed his § 2254 petition, but he also had a pre-written Jackson argument at his disposal, i.e., the Jackson claim was previously articulated in his consolidated appeal to the Missouri Court of Appeals. Bracken v. Dormire  247 F.3d 699, 703 (C.A.8 (Mo.),2001)

The court does not believe the Bracken case is persuasive here. The facts are clearly presented because the Petitioner has attached copies of his plea agreement and the judgment which both provide that his sentence is to be "concurrent w/federal sentence" and it is clear that his sentence is not.

### III.  Conclusion

Based upon the forgoing I recommend that the objections (ECF No. 14) filed by the Defendant be DENIED.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this March 26, 2013

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE