IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NHAN VAN NGUYEN                                                                                PETITIONER

v.                                        Case No. 2:13-CV-02035

RAY HOBBS, Director, Arkansas Department
of Correction                                                                                  RESPONDENT

## MEMORANDUM OPINION AND ORDER

Currently before the Court is the Report and Recommendations ("R&R") (Doc. 15) filed in this case on March 26, 2013 by the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas. Also before the Court are Respondent Ray Hobbs's Objections (Doc. 17).

The Magistrate recommends that Hobbs's Objections to the Magistrate's earlier Order (Doc. 12) denying Hobbs's Motion to Dismiss (Doc. 9) be denied. Hobbs moved the Court to dismiss Plaintiff's case on the grounds that the Petition was untimely and failed to state a cognizable claim for relief. The Motion was referred to the Magistrate for consideration, as was Petitioner Nhan Van Nguyen's Motion to Appoint Counsel (Doc. 8). The Magistrate granted Nguyen's Motion and denied Hobbs's Motion in the same Order (Doc. 12). The Magistrate has the authority to make a determination as to pretrial matters, including whether counsel should be appointed. 28 U.S.C. § 636(b)(1)(A). The Magistrate did not, however, have authority to deny Hobbs's Motion to Dismiss outright. *Id*. Rather, the Magistrate had the authority, on the separate dismissal issue, to submit proposed findings of fact and recommendations for disposition of the motion. 28 U.S.C. § 636(b)(1)(B). The Court will consider both the Magistrate's original Order and the R&R to be the

Magistrate's proposed findings and recommendations on Hobbs's Motion to Dismiss. The Court has also considered both the Objections originally filed by Hobbs as well as those filed subsequent to the R&R.

The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which Hobbs has raised objections. 28 U.S.C. § 636(b)(1). Specifically, Hobbs objects to (1) the Magistrate's finding that Nguyen's Petition may be construed as to state a claim that his plea was involuntary and (2) denial of Hobbs's Motion without resolving the merits of Hobbs's argument that the Petition was untimely.

Pro se filings are to be construed liberally. *Meador v. Branson*, 688 F.3d 433, 436 (8th Cir. 2013) ("Ordinarily, a federal district court should not grant habeas relief to a petitioner based upon a legal theory that involves an entirely different analysis and legal standards than the theory actually alleged in the petition . . . However, we relax these requirements where a petitioner represents himself pro se." (internal citation omitted)). Pro se filings should not, however, be unreasonably construed so as to raise a claim not properly raised by a plaintiff or petitioner. *Bracken v. Dormire*, 247 F.3d 699, 702-03 (8th Cir. 2001). Although it is only logical that there should be a boundary over which the Court must not step in construing pleadings, that boundary is by no means clearly delineated. Rather, the facts of each particular case must be considered on an individual basis. Where, as here, it appears that the facts alleged by Nguyen, including the exhibits attached to his Petition, support a claim that his plea was involuntary, the Court finds that the issue should be considered. *See Meador*, 688 F.3d at 436 (affirming district court's consideration of issue not raised by petitioner where the facts in the petition and brief supported the issue considered).

Hobbs argues that Nguyen would be unlikely to raise an involuntary plea claim, because

invalidating his state court plea could expose him to a greater penalty. Hobbs also takes issue with the fact that Nguyen poses his claim as needing to make sure his state time is running concurrent with his federal time. Hobbs appears to posit that the only permissible reading of Nguyen's claim is that he is simply requesting confirmation of whether his time is running concurrently, and the Court is an improper forum to make that inquiry. The Court finds that an equally permissible reading of Nguyen's request is that the Court ensure that Nguyen's plea agreement, which contemplated concurrent state and federal sentences, be enforced. Nguyen specifically states "I need to make sure my federal time is running now while I'm doing my state time, this was part of my plea agreement, I'm enclosing the documents to prove this." (Doc. 1, p. 5).

While even this reading does not explicitly state a claim that Nguyen believes his plea was involuntary, to require such an explicit statement would allow *Bracken*'s "permissible boundary" to constrain courts too tightly when construing a pro se pleading. Viewing the Petition and attached exhibits as a whole, the Court finds that Nguyen has sufficiently raised the issue of the voluntariness of his plea to defeat Hobbs's request for dismissal on the basis that Nguyen has not stated a cognizable claim. The Court does, however, believe that any claim by Nguyen regarding the voluntariness of his plea might be procedurally defaulted, as it does not appear that he sought post-conviction relief in Arkansas state court. 28 U.S.C. § 2254(b).

Hobbs also objects that the Magistrate did not resolve on the merits his argument that Nguyen's Petition was untimely. The Magistrate did, however, address the issue in his original Order. (Doc. 12, p. 4). The Magistrate stated that dismissal for untimeliness at this stage would preclude consideration of equitable tolling, and that equitable tolling may be proper when a petitioner has been led to believe that his state court sentence is running concurrently with his federal

sentence when, in fact, it is not. *Id.* While equitable tolling might potentially be appropriate in this case, Nguyen has not affirmatively set forth any facts in his Petition to justify application of equitable tolling.

While the Court does not generally disagree with the reasoning of the Magistrate in his proposed findings and recommendations, the Court nonetheless declines to adopt the R&R (Doc. 15) of the Magistrate. The Court finds, instead, that Hobbs's Motion to Dismiss should be denied without prejudice to Hobbs raising the same issues in a subsequent Motion to Dismiss for the following reasons: The Magistrate has appointed counsel on Nguyen's behalf in this case. The Order appointing counsel (Doc. 12) was entered on March 11, 2013, within the time period that Nguyen had to respond to Hobbs's Motion to Dismiss. Counsel was not actually appointed, however, until April 1, 2013. Nguyen's appointed counsel—and by extension Nguyen— did not have a meaningful opportunity to reply to the Motion to Dismiss or to Hobbs's objections to the Magistrate's Report and Recommendations. Furthermore, Nguyen's appointed counsel has filed a Motion for Extension of Time to file an Amended Petition, indicating that he was not even able to meet with Nguyen until April 30, 2013. Nguyen now moves, through counsel, for an extension of time to amend his Petition,[1] and the Court finds that an extension should be granted, as good cause was shown for the extension. The Court further finds that justice requires granting leave to amend in this case. Fed. R. Civ. P. 15(a)(2) (the Court should freely grant leave to amend "when justice so

---

[1] The Magistrate's Order granting appointment of counsel (Doc. 12), gave the then-unknown appointed attorney 30 days from appointment to file an amended petition. Counsel was appointed on April 1, 2013, but was unable to meet with Nguyen until just before the May 1 deadline. Furthermore, the Court had not ruled on Nguyen's Motion for Extension, as it was considering the potentially dispositive motion addressed in this Order.

requires").[2]  Hobbs may file a Motion to Dismiss any amended petition filed.  In the event no amended petition is filed, Hobbs may re-assert the same, or additional, grounds for dismissal in a second motion to dismiss the original Petition.  In either event, Nguyen will be have an opportunity to meaningfully respond.

IT IS THEREFORE ORDERED that the Court declines to adopt the Report and Recommendations (Doc. 15), and Respondent's Motion to Dismiss (Doc. 9) is DENIED on other grounds.

IT IS FURTHER ORDERED that Petitioner's Motion for Extension of Time to File an Amended Petition (Doc. 18) is GRANTED.  Petitioner is directed to file any amended petition by June 7, 2013.  Respondent will have 30 days to respond.

IT IS SO ORDERED this 23rd day of May, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[2] Amendment is allowed as a matter of course with 21 days after service of a motion to dismiss.  Fed. R. Civ. P. 15(a)(1)(B).  The Court notes that, had appointed counsel been engaged in this case at the time the Motion to Dismiss was filed, amendment would have been allowed as a matter of course.